IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

```
ANTHONY SEREDUCK,                    )    Cause No. CV 05-69-GF-CSO
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    ORDER REQUIRING PLAINTIFF
                                     )    TO RESPOND TO QUESTIONS
McDONALD, Warden; VARNUM, Chief of   )
Security; VOLRATH, Contract          )
Monitor; JERRY JOHNSON, Contract     )
Coordinator; FORSMAN and LAMEY,      )
Unit Managers; CAPTAIN CAMPROS;      )
LIEUTENANT CHRISTAENS; SERGEANT      )
JOHNSON; Grievance Coordinator       )
STUART; Correctional Officers        )
CASSEM, EVERETT, KIMMET, WIRSCHING,  )
MUSIC, and SWANSON,                  )
                                     )
          Defendants.                )
_____ )
```

On July 21, 2005, Plaintiff Anthony Sereduck applied to proceed in forma pauperis with this action under 42 U.S.C. § 1983. He also moved for the appointment of counsel and for a temporary restraining order and preliminary injunction. Sereduck is a state prisoner proceeding pro se.

On August 2, 2005, Sereduck withdrew his request for a temporary restraining order and preliminary injunction[1] because

---

[1] Sereduck also asked that the documentation submitted in support of the motion be returned to him. Once entered in the case, documents are not removed from the record. However, the Court will accept Sereduck's withdrawal of the motion and will not decide the issues he presented in the motion.

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 1

he was transferred to Montana State Prison, and that transfer was the only relief he sought in the motion.  See Am. Information to Compl. (Court's doc. 5) at 3.

**I. Forma Pauperis Application**

Sereduck submitted an inmate account statement covering the period from January 1, 2005, to June 20, 2005.  After reviewing the Application and account statement, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once.  The Application to Proceed In Forma Pauperis will be granted.

Notwithstanding his forma pauperis status, Sereduck is required to pay the statutory filing fee of $250.00 for this action, even if the case is dismissed.  See 28 U.S.C. § 1915(b)(1), (e)(2).  Because he submitted an account statement ending on June 20, 2005, the Court does not know the current balance of his account.  Therefore, the initial partial filing fee will be waived.  However, Sereduck must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  See id.

**II. Preliminary Screening**

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 2

Pursuant to the federal statutes governing proceedings <u>in forma pauperis</u> and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. <u>Lopez</u>, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Id</u>. (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to <u>pro se</u> litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe <u>pro se</u> pleadings. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 3

## III. Sereduck's Allegations

Sereduck alleges that Defendants MacDonald, Varnum, Forsman, Lamey, Music, and Swanson were deliberately indifferent to his safety; that Defendants Sergeant Johnson, Varnum, Forsman, were deliberately indifferent to his serious medical and mental health needs; that Defendants Kimmet, Wirsching, Christaens, Campros, Sergeant Johnson, and Everett imposed cruel and unusual punishment; that Defendants Cassem, Varnum, Campros, Volrath, Sergeant Johnson, and Jerry Johnson deprived him of equal protection; and that Defendants Campros, MacDonald, Stuart, Christiaens, and Forsman denied him due process in connection with a disciplinary hearing.

## IV. Analysis

The Court requires more information from Sereduck on a few points. After he responds, the Court will decide whether the Defendants should be required to respond to all or part of the Complaint or whether it should be dismissed, in whole or in part.

1. Sereduck says that he notified Varnum "that he was being harassed daily and was receiving threats" and that he told Forsman "of his concerns." Compl. at 6-7, ¶ V.A.1, 3. What information did Sereduck communicate to Varnum and to Forsman?

2. Sereduck says he was "assaulted" on two occasions. See Compl. at 7, ¶ V.A.6; id. at 18, ¶ V.D.3. What happened on each occasion?

3. In connection with Sereduck's claim of denial of due process, see Compl. at 24-25, what sanction was imposed as a result of the disciplinary hearing to which he refers?

If Sereduck fails to respond to these questions, the Court may recommend that one or more of the allegations in his Complaint should be dismissed for failure to state a claim or for failure to respond to a court order.

**V. Motion for the Appointment of Counsel**

There is no constitutional right to appointed counsel for a civil action. See, e.g., Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988).

At this stage of the proceeding, Sereduck has not shown the required combination of probable success on the merits and

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 5

inability to articulate his claims pro se in light of the legal issues involved.  His Complaint is very clear and easy to understand.  All he must do at this point is answer the Court's specific questions set forth above.  If the case proceeds to discovery, Sereduck may renew his motion.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  The Motion to Proceed In Forma Pauperis (Court's doc. 2) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  On or before **February 9, 2006,** Sereduck shall answer the questions set forth in this Order.  Sereduck's response shall be limited to **four (4) pages**.

3.  Sereduck's motion for the appointment of counsel (Court's doc. 3) is DENIED.

4.  Sereduck's motion for a temporary restraining order and preliminary injunction (Court's doc. 4) has been withdrawn, pursuant to his request of August 2, 2005, and therefore is DENIED as moot.

5.  Sereduck must immediately inform the Court of any change in his address.  Failure to do so may result in dismissal of this case without notice to him.

DATED this 19th day of January, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 6