

FILED
GREAT FALLS DIV.

'06 SEP 18 AM 11 55

PATRICK E. ........ CLERK

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| ANTHONY SEREDUCK, | CV 05-69-GF-SEH |
| Plaintiff, | ORDER |
| vs. | |
| McDONALD, Warden; VARNUM, Chief of Security; VOLRATH, Contract Monitor; JERRY JOHNSON, Contract Coordinator; FORSMAN and LAMEY, Unit Managers; CAPTAIN CAMPROS; LIEUTENANT CHRISTIAENS; SERGEANT JOHNSON; Grievance Coordinator STUART; Correctional Officers CASSEM, EVERETT, KIMMET, WIRSCHING, MUSIC, and SWANSON, | |
| Defendants. | |

On August 18, 2006, Magistrate Judge Ostby issued an Order and Findings and Recommendation of U.S. Magistrate Judge[1] in this matter. This Court issued an Order[2] granting Plaintiff Sereduck (Sereduck) an extension of time in which to file objections on September 6,

---

[1] Docket No. 14.

[2] Docket No. 17.

2006. Sereduck filed objections[3] on September 12, 2006. The Court reviews *de novo* findings and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Judge Ostby found:

> [Defendant] MacDonald's rejection of [Sereduck's grievance against Defendant Varnum for failing to request a transfer] appeal is too attenuated to constitute deliberate indifference to Sereduck's safety.

(Order and Findings and Recommendation at 5 (August 18, 2006)(Findings).)

> [Defendant] Sgt. Johnson did not interfere with [Sereduck's] medical orders.

(Findings at 6.)

> To whatever extent Sereduck might wish to make a state-law claim for defamation against [Defendant] Kimmet, the Court should decline to exercise supplemental jurisdiction on the grounds that such a claim would be a novel application of state law.

(Findings at 6-7.)

> [Defendant] Wirsching should be dismissed, insofar as Sereduck alleges that he "conspired" with [Defendant] Kimmet to defame Sereduck or failed to prevent [Defendant] Kimmet from defaming Sereduck.

(Findings at 7.)

> [Defendant] Christiaens cannot be held liable on account of an inadequate investigation of a grievance because inmates are not constitutionally entitled to a grievance process.

(Findings at 7.)

> Count 3 fails to state a claim against [Defendant] Sgt. Johnson . . . .

(Findings at 8.)

---

[3] Docket No. 18.

-2-

> Sereduck fails to state a claim against [Defendant] Everett.

(Findings at 9.)

> Sereduck fails to state a claim for violation of the Equal Protection Clause against any of the Defendants named in Count 4.

(Findings at 9.)

> As to Defendant Varum, the allegations of Count 4, when read together with Counts 1 and 2, state a claim sufficient to warrant service.

(Findings at 10.)

> The allegations of Count 4 do not support an inference that Sereduck was in physical peril . . . .

(Findings at 11.)

> Sereduck does not state an Eight Amendment claim against [Defendants] Volrath and J. Johnson.

(Findings at 11.)

> Count 5 fails to state a claim on which relief may be granted.

(Findings at 13.)

> [I]t would be inappropriate for this Court to expunge Sereduck's disciplinary record or order his reclassification.

(Findings at 14.)

Judge Ostby recommended: (1) Sereduck's injunctive relief requests and Count 5 be dismissed with prejudice; (2) Dismissal of Defendants MacDonald, Volrath, Jerry Johnson, Christiaens, Sergeant Johnson, Campros, Stuart, Cassem, Everett, and Kimmet; (3) Dismissal of Defendant Wirsching from Count 3, except as to Sereduck's retaliation claims; and (4) Pursuant to 28 U.S.C. § 1367(c)(1) dismissal of all state law claims without prejudice.

After *de novo* review of the record and after considering Sereduck's objections, I adopt in full the Findings and Recommendation of Judge Ostby.

ORDERED:

1. Count 5 and Sereduck's requests for injunctive relief are DISMISSED WITH PREJUDICE.

2. Defendants MacDonald, Volrath, Jerry Johnson, Christiaens, Sergeant Johnson, Campros, Stuart, Cassem, Everett, and Kimmet are DISMISSED.

3. Defendant Wirsching is DISMISSED from Count 3, except as to Sereduck's claim of retaliation.

4. All state law claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §1367(c)(1).

DATED this 18 day of September, 2006.

SAM E. HADDON
United States District Judge